IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROSALIND HOLLEY | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-00075 |
| | § | |
| KATHRYN ANNE JONES | § | |

### DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Allstate Fire and Casualty Insurance Company, the defendant in the above-captioned cause, and files this notice of removal and respectfully shows unto this Honorable Court as follows:

### I. STATE COURT ACTION

This case was initially filed in the 149th Judicial District Court of Brazoria County, Texas. The state court action is styled: Cause no. 115022-CV; Rosalind Holley v. Kathryn Anne Jones; in the 149th Judicial District Court of Brazoria County, Texas.

### II. PARTIES

The plaintiff, Rosalind Holley, is an individual citizen and resident of the State of Texas.

The defendant, Allstate Fire and Casualty Insurance Company ("Allstate") is an Illinois corporation with its principal place of business in Northbrook, Illinois.

The defendant, Kathryn Ann Jones, is an individual citizen and resident of the State of Texas. Significantly, the plaintiff's claims against Kathryn Ann Jones have been recently dismissed from this lawsuit. See Exhibit A.

### III. JURISDICTION

4. This Court has jurisdiction over the subject matter of this cause, pursuant to 28 U.S.C. § 1332, because this a civil action in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. Accordingly, this cause is removable pursuant to 28 U.S.C. § 1441 and § 1446.

5. Under 28 U.S.C. § 1446(a), venue of the removed action is proper in this Court as it is the district and division embracing the place where the state court action was filed.

### IV. TIMELINESS

6. Allstate was first served with process and the plaintiff's original petition on July 8, 2022. The time period for removal does not always depend on the receipt of the original complaint. 28 U.S.C. § 1446 (b) provides in relevant part, that "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of ... other paper from which it may first be ascertained that the case is one which is ... removable." On February 7, 2023, Allstate received notice that the plaintiff filed a motion for dismissal only as to the co-defendant, Kathryn Jones. See Exhibit A. This dismissal served to remove the only remaining non-diverse defendant from this lawsuit, and has therefore rendered the case removable.

7. The deadline to remove is based upon the receipt of the "other paper", as mentioned in 28 U.S.C. § 1446 (b). For a document to be considered "other paper" under § 1446(b), it "must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction." Addo v.

Globe Life & Acc. Ins. Co., 230 F.3d 759, 762 (5th Cir.2000) (citing S.W.S. Erectors Inc., v. Infax, Inc., 72 F.3d 489, 494 (5th Cir.1996); see also Ford v. Shoney's Restaurants, inc., 900 F. Supp. 57, 59 (E.D.Tex.1995). The dismissal filed regarding the non-diverse defendant, Kathryn Jones, provides the defendant, Allstate, with the information that now supports federal jurisdiction. See Fernando Garcia v. MVT Servs., Inc., 589 F. Supp. 2d 797, 799 (W.D. Tex. 2008).

8.  Thirty days have not elapsed since Allstate received the dismissal documents, which qualifies as "Other Paper". As such, pursuant to 28 U.S.C. § 1446 (b), this notice of removal is timely and proper.

## V. ATTACHMENTS

9.  Pursuant to 28 U.S.C. § 1446(a) and Local Rule CV-81, the following exhibits are attached hereto and are incorporated herein by reference:

a) Exhibit A: Notice of Dismissal of Co-Defendant

3

b) Exhibit B: All executed process in the case;

c) Exhibit C: Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

d) Exhibit D: All orders signed by the state judge;

e) Exhibit E: The state court docket sheet;

f) Exhibit F: An index of matters being filed;

g) Exhibit G: A list of all counsel of record, including addresses, telephone numbers and parties represented; and

h) Exhibit H: Civil Action Cover Sheet.

## VI. CONDITIONS PRECEDENT

10.    The defendant has tendered the filing fee required by the Clerk of the United States District Court for the Southern District of Texas, Galveston Division, along with the notice of removal. A copy of this notice of removal is also being filed in the 149th Judicial District Court of Brazoria County, Texas, and all counsel of record are being provided with complete copies.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Allstate Fire and Casualty Insurance Company respectfully requests that the above action, Cause no. 115022-CV, styled <u>Rosalind Holley v. Kathryn Anne Jones</u>; in the 149th Judicial District Court, Brazoria County, Texas, be removed to this Court.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted,

WILKINS GIRE, PLLC
350 Pine Street
Suite 660
Beaumont, TX 77701
(409) 241-8094
(409) 750-7826 facsimile

/s/ Mary "Katy" Andrade
Monica Valerio Wilkins
State Bar No. 24043968
mwilkins@wilkinsgire.com
Mary "Katy" Andrade
State Bar No. 24118606
kandrade@wilkinsgire.com

ATTORNEYS FOR DEFENDANT,
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I do hereby certify that on the 9th day of March, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and also forwarded it to all known counsel of record by email to the following:

Alex Boylhart
Kwok Daniel Ltd., L.L.P.
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Email: aboylhart@kwoklaw.com

/s/ Mary "Katy" Andrade_____
Mary "Katy" Andrade